**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**GREGORY CHASE DENTON**                                       **PLAINTIFF**

**v.**                                             **CAUSE NO.** 1:22cv131-DMB-DAS

**OKTIBBEHA COUNTY, MISSISSIPPI and
SHERIFF STEVE GLADNEY IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES and CHIEF
DEPUTY CHADD GARNETT IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES**                         **DEFENDANTS**

<u>**COMPLAINT**</u>
**JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF, Gregory Chase Denton, via counsel, and files this complaint for legal remedy for injury he suffered due to his employers' violations of 29 U.S.C. § 201, et seq, the "Fair Labor Standards Act of 1938," (FLSA) and in support would show unto the Court the following, to wit:

<u>**PARTIES**</u>

1. The plaintiff is an adult resident of Pontotoc County, Mississippi. During the focus of this litigation, he was a non-exempt employee as defined by 29 U.S.C. § 203(e)(2)(a) and 29 C.F.R. § 553.211, to wit: an Oktibbeha County Deputy Sheriff, having completed all required training, certified as a law enforcement officer of the State of Mississippi, vested with the power of arrest, and charged with keeping the public peace. He was of no administrative or policymaking role in this employment.

2. The defendant, Oktibbeha County, is a political subdivision of Mississippi. The plaintiff worked for Oktibbeha County. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon the president or clerk of the board of supervisors of that county.

3. The defendant, Steve Gladney, is the sheriff of Oktibbeha County and pertinent to this litigation was the head of the sheriff's department that failed to pay the plaintiff for all his time at work. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon him at the Oktibbeha County Sheriff's Office or wherever found.

4. The defendant, Chadd Garnett, is the chief deputy sheriff of Oktibbeha County and pertinent to this litigation was the department head responsible for the payment of the plaintiff and has exhibited bad faith by refusing to pay the plaintiff for all the hours he worked. This defendant is an 'employer' consistent with 29 U.S.C. § 203(d). The county may be properly noticed by service of a copy of the complaint and a summons upon him at the Oktibbeha County Sheriff's Office or wherever found.

## JURISIDCTION AND VENUE

5. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

6. Venue before this Court is also proper commensurate with 29 U.S.C. § 216(b) in that the injuries to the plaintiff occurred within the Aberdeen Division of the United States District Court of the Northern District of Mississippi.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

7. The plaintiff was a deputy sheriff for the Oktibbeha County Sheriff's Department, beginning his most recent tenure of employment in that capacity in September of 2017 and ending in August of 2021.[1]

---

[1] The plaintiff worked for this employer a number of years prior to these dates, which are not relevant to this litigation.

8. The plaintiff was assigned to patrol, working scheduled 12-hour shifts, beginning at 6:00 pm or 6:00 am, depending on the assignment. He rotated from day shift to night shift and vice versa on the last Friday of each month.

9. The plaintiff was directed to report for "briefing" at the sheriff's department fifteen minutes before each shift, being 5:45 am or pm, depending on the shift he was working.

10. The plaintiff was assigned a marked sheriff's patrol car to take home daily. He would leave home on patrol usually thirty minutes before, in time to make it to the briefing at 5:45. Since he was logged by the dispatcher of being in his car, in uniform, he would often get dispatched to calls or have to make a traffic stop while enroute to briefing. Further, there were times he would not end his duties until after the time his scheduled shift ended. He was not paid for these hours.

11. The plaintiff was assigned to criminal investigations around March of 2020. There he did not work the same 12-hour shift as a patrol deputy. However, he worked many hours that should have been compensated at time and one-half, for which he received no pay. He served in this position as a non-exempt employee.

12. The plaintiff also had to attend various in-service and advanced law enforcement training sessions to perform his duties when he was otherwise not scheduled to work. He was not paid for such, whether traveling to, attending, or traveling from.

## **UNPAID COMPENSATION TIME**

13. At times the plaintiff was allowed to bank compensation time, or comp time. However, the comp time was recorded as straight time. Since this time was overtime, it should have been recorded as time and one-half.

14. Further, the "comp time" that the plaintiff banked was cleared each year without payment. Plaintiff believes he was denied over 100 hours of comp time while at the sheriff's department. That is another violation of the FLSA and has deprived the plaintiff of what is rightfully his.

## THE WILLFUL VIOLATION OF THE FLSA JUSTIFIES A 3-YEAR STATUTE OF LIMITATIONS

15. At all times referenced above, the defendants knew of, approved, and/or directed this work outside of the plaintiff's regularly scheduled shift, and failed to pay the plaintiff for this time.

16. The plaintiff attempted to address his issues of improper compensation and non-payment with the defendants no avail. The defendants told the plaintiff he would not be paid for the hours outside of his regularly scheduled shifts. This continued until the plaintiff ended his employment with the department.

17. Instead of the normal two-year statute of limitations for FLSA cases, the bad faith exhibited by the defendants justifies a three-year statute of limitations for wrongful FLSA payments as provided by 29 U.S.C. § 255.

## VIOLATION OF THE PORTAL TO PORTAL ACT

18. The plaintiff had to take his patrol car home and had to drive it to and from 'work.'

19. The plaintiff was subject to taking actual law enforcement actions while traveling to the 'briefing' of which he had to attend. As such, once he was in uniform and in his marked patrol car he was at the actual place of performance of the principal activity he was employed to perform, in uniform in a marked patrol car in his jurisdiction. As such, he should have been paid from the time he left his residence to the time he returned to his residence under the Portal-to-Portal Act and the FLSA.

20. The time attending and traveling to and from job-related training and events is also compensable under the FLSA.

## ACTUAL DAMAGES

21. Oktibbeha County engages in interstate commerce and for this and other reasons must pay non-exempt employees hourly wages and FLSA overtime for all times worked over the maximum allowed by law, in this case forty (40) hours.

22. The plaintiff had to attend briefing 15 minutes before each shift and travel for 15 additional minutes to arrive there. This results in at least 3.5 unpaid hours per two-week pay period (30 minutes for each of seven days per pay period.) This, alone, would be a minimum number of unpaid overtime hours to be at least 72 each year.

23. Considering at least one hour per scheduled day of travel to and from home to the sheriff's department as directed to do outside of his scheduled shift, he was denied pay for at least 336 hours.

24. The plaintiff has worked other hours which will calculate somewhere near the same number, which includes answering early and late calls that extended beyond the scheduled 6:00 to 6:00 shifts he worked.

25. Finally, the plaintiff has approximately 164 additional hours of overtime unpaid for in-service training related to his duties. Many of these training events occurred away from Oktibbeha County. The plaintiff should have been compensated for driving to and from these events.

26. The plaintiff's regular rate of pay was approximately $17.75 per hour. The plaintiff's overtime rate would have been from approximately $26.50/hr. to approximately $28.00/hr. during his tenure with the sheriff's department.

## LIQUIDATED DAMAGES

27. The plaintiff attempted to address this underpayment to his superiors and was turned away. This response indicates a bad faith effort of the defendants to deprive the plaintiff of his just compensation due under the FLSA. Thus, the plaintiff is entitled to liquidated damages equal to the actual damages incurred.

## ATTORNEY'S FEES

28. The plaintiff is entitled to attorney fees under the FLSA by being forced to sue to recover damages at the hands of the defendants.

## PRAYER FOR RELIEF

29. WHEREFORE PREMISES CONSIDERED, the plaintiffs respectfully pray that upon presentation of the facts of this matter, that they be granted the following relief as required by the FLSA:

    a. Compensation for all unpaid time and/or overtime due,

    b. A three-year lookback for bad-faith violations of the FLSA,

    c. An additional equivalent amount of compensation as liquidated damages,

    d. Attorney Fees, and

    e. For what other relief the plaintiff may be entitled to if not for specifically pled.

    SUBMITTED, this the 15th day of September, 2022,

>                    **Gregory Chase Denton**
>
> By:   *s/ Francis S. Springer*
>       His Attorney

Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC

213 S. Lamar Street
Jackson, MS 39201
PO Box 1280
Madison, MS 39130-1280
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com